IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELVIS D. RODRIGUEZ-VENTURA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-1763-K |
| | § | |
| MARKWAYNE MULLIN *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Before the Court is habeas petitioner Elvis D. Rodriguez-Ventura's Emergency Motion for Temporary Restraining Order (the "Motion for TRO") (Doc. No. 7). Having carefully considered the Motion for TRO, the applicable law, and the relevant portions of the record, the Court **DENIES** the Motion for TRO.

Petitioner has concurrently filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention and the Government's efforts to remove him to a third country. *See generally* Doc. No. 1 (Petition). According to the petition, an Immigration Judge ("IJ") previously entered a final order of removal in 2019 but granted Petitioner withholding of removal to Honduras under 8 U.S.C. § 1231(b)(3). *See id.* at 12–13. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on February 10, 2026, and now seeks an order enjoining Respondents from removing him from the United States or transferring him outside of this District while his habeas petition remains pending.

Petitioner alleges that Respondents intend to remove him to Liberia without advance notice or a meaningful opportunity to express a fear of removal to that country. *See* Doc. No. 7 at 5. However, the only evidence Petitioner provides related to the allegation that he is to be imminently removed to Liberia is the statement that "[a] detainee held with Petitioner has informed [Petitioner's counsel] that Petitioner's name is on a list of aliens scheduled for removal to Liberia at 2:00 p.m. today, August 19, 2026." *Id.* at 4.

For a district court to grant a temporary restraining order, a petitioner must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the requested relief is denied; (3) that the threatened injury outweighs any harm the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). A temporary restraining order is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). In assessing irreparable injury, the movant must show a presently existing actual threat; a court may not issue injunctive relief merely "to prevent the possibility of some remote future injury." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001).

Petitioner has not demonstrated entitlement to a TRO. First, to the extent Petitioner asks this Court to enjoin Respondents from executing his final order of

removal, the Court lacks jurisdiction to grant that relief. Section 1252(g) provides that, except as otherwise authorized by § 1252, "no court shall have jurisdiction to hear any cause or claim" arising from the Attorney General's decision or action to "execute removal orders." 8 U.S.C. § 1252(g). And a petition for review filed in the appropriate court of appeals is the sole and exclusive means for judicial review of an order of removal. 8 U.S.C. § 1252(a)(5).

The Fifth Circuit recently reaffirmed that a request for a stay of removal constitutes a challenge to the execution of a removal order and that a district court lacks jurisdiction to grant such relief. *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (per curiam) (unpublished) ("A request for stay of removal is a challenge to a removal order.")). There, the court explained that federal courts lack jurisdiction over claims "connected directly and immediately" with a decision or action to execute a removal order and affirmed the denial of a habeas petitioner's request for a TRO staying removal. *Id.*; *see also Humphries v. Various Federal USINS Employees*, 164 F.3d 936, 943 (5th Cir. 1999); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished); *Idokogi v. Ashcroft*, 66 F. App'x 526, 526 (5th Cir. 2003).

Petitioner requests that the Court enjoin Respondents from removing him from the United States without first determining his habeas claim. *See* Doc. No. 7 at 2. But the relief he requests would directly prohibit Respondents from executing his removal order. The Court therefore lacks jurisdiction to grant the requested stay. Petitioner's

constitutional and legal objections to his removal must be pursued, if otherwise available, through the judicial-review procedure Congress established in § 1252. *See* 8 U.S.C. § 1252(a)(2)(D), (a)(5).

Alternatively, even assuming the Court possessed jurisdiction to consider the request, Petitioner has not established entitlement to a TRO under Rule 65. His assertion that he is to be imminently removed to Liberia is based on a singular statement in the Motion for TRO: "[a] detainee held with Petitioner has informed undersigned counsel that Petitioner's name is on a list of aliens scheduled for removal to Liberia at 2:00 p.m. today, August 19, 2026." Doc. No. 7 at 4. However, he provides no written notice, flight itinerary, travel document, declaration from a person with knowledge, or other competent evidence confirming that Liberia is the intended destination or that removal there is imminent. Therefore, the record does not establish that Respondents have selected Liberia as the proposed country of removal, much less that removal to Liberia is imminent. Further, mere conclusory allegations of irreparable injury are insufficient to warrant emergency injunctive relief. *See Emerson*, 270 F.3d at 262; *see also Lotter v. Lyons,* No. SA-25-CV-00568-JKP, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). The possibility that Petitioner may eventually be removed to some third country does not establish the presently existing actual threat of the specific injury asserted in his Motion for TRO—immediate removal to Liberia without notice.

Petitioner likewise has not demonstrated a substantial likelihood of success on the merits. Per Petitioner's own allegations in his habeas petition, the IJ's 2019 order

granted withholding of removal only as to Honduras. It did not vacate Petitioner's final removal order or prohibit removal to every other country permitted under 8 U.S.C. § 1231(b)(2). *See* 8 U.S.C. § 1231(b)(2)(E). Nothing presently before the Court indicates that Respondents are attempting to remove Petitioner to Honduras or that the Government has terminated or disregarded the withholding protection applicable to Honduras. The mere fact that ICE is seeking removal to a third country therefore does not, standing alone, establish a violation of the 2012 withholding order.

Petitioner also relies on the absence of advance notice and an opportunity to express fear of removal to Liberia. But because the record does not establish that Liberia has actually been selected as the country of removal, Petitioner has not shown that Respondents have denied his process concerning an impending removal to that country. His claim depends upon an intended destination and an imminent removal that the present evidence does not substantiate.

The Court emphasizes that today's ruling is limited to Petitioner's request for emergency injunctive relief. The Court expresses no opinion at this stage regarding the ultimate merits of Petitioner's habeas petition or any statutory or constitutional challenges he may assert therein. Petitioner simply has not carried his burden of establishing the requirements for the extraordinary remedy of a TRO.

For the foregoing reasons, Petitioner's Motion for TRO is **DENIED**. Petitioner's habeas petition remains pending to the extent it presents claims over which this Court has jurisdiction.

**SO ORDERED.**

Signed August 19th, 2026.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE